**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1473
_____

SERGEI KOVALEV,
                                        Appellant

v.

IRINA STEPANSKY, DMD;
JOHN DOE I;
JOHN AND JANE DOES 1-50

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-05579)
District Judge:  Honorable Juan R. Sánchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2020
Before:  JORDAN, MATEY, and NYGAARD, Circuit Judges

(Opinion filed: November 17, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Sergei Kovalev appeals from the District Court's order dismissing his amended complaint after screening it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons discussed below, we will affirm with a modification.

I.

In November 2019, Kovalev filed a complaint in the District Court, primarily raising civil RICO claims, see 18 U.S.C. § 1964, against his dentist, Irina Stepansky. Kovalev alleged that he went to Stepansky's office in November 2015 and requested treatment for only one tooth. Stepansky "removed" parts of seven teeth, which allegedly caused Kovalev "widespread harm and damage to his anatomical body property, including loss of body parts, injuries, emotional distress and trauma." ECF No. 2 at 3. Kovalev maintains that Stepansky is engaged in a criminal enterprise involving "intentional human body mutilations and health insurance fraud." Id. Kovalev did not seek to recover any payment made to Stepansky or any loss of insurance benefits, but rather sought damages for the harm to his body. See id. at 105.

The District Court screened the complaint and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), concluding that personal injuries are insufficient to state a civil RICO claim. With respect to Kovalev's remaining federal claims, the District Court determined that Kovalev could not assert a private right of action for violations of the honest services fraud statute, see 18 U.S.C. § 1346, and HIPAA, see 42 U.S.C. § 1320d-6. The District Court then determined that it would not exercise supplemental jurisdiction over the state law claims, and that it lacked diversity jurisdiction over those claims, as both Kovalev

2

and Stepansky appeared to be citizens of Pennsylvania.  The District Court granted Kovalev leave to file an amended complaint.

Kovalev's amended complaint raised substantially the same claims that he had raised in his original complaint.  Thus, the District Court dismissed the amended complaint, pursuant to § 1915(e)(2)(B)(ii) and with prejudice, for substantially the same reasons that the original complaint was dismissed.  This appeal ensued.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's sua sponte dismissal under § 1915(e)(2)(B)(ii) is plenary.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); see also Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 345 (3d Cir. 2013) (where a complaint is dismissed for lack of subject matter jurisdiction, "we review determinations of law de novo, but a court's factual findings regarding domicile or citizenship are reviewed for clear error"). Dismissal is appropriate where a complaint has not alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.

We agree with the District Court's determination that Kovalev failed to state a plausible RICO claim.  To establish standing to bring a civil RICO claim, a plaintiff must allege that he was "injured in his business or property by reason of a violation of

3

[RICO]." Maio v. Aetna, Inc., 221 F.3d 472, 483 (3d Cir. 2000) (citing 18 U.S.C. § 1964(c)). Kovalev's complaint sought recovery only for personal injuries, and "this Circuit has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'" See Williams v. BASF Catalysts LLC, 765 F.3d 306, 323 (3d Cir. 2014); see also Maio, 221 F.3d at 492. Kovalev's attempt to overcome this precedent by characterizing his personal injuries as, among other things, the loss of "anatomical personal property," see ECF No. 6 at 29, is unavailing. See Iqbal, 556 U.S. at 678 (explaining that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" fails to state a claim) (citation omitted).

After dismissing the federal claims,[1] the District Court acted within its discretion when it determined that it would not exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c); Henglein v. Informal Plan for Plant Shutdown Benefits for Salaried Emps., 974 F.2d 391, 398 (3d Cir. 1992) ("[I]t is well settled that, after disposal of a federal claim, a district court has discretion to hear, dismiss, or remand a supplemental claim for which there is no independent basis for federal subject matter jurisdiction."). We agree with the District Court's conclusion that it lacked any independent basis for subject matter jurisdiction over the state law claims. A district court has diversity jurisdiction over state law claims if the amount in controversy exceeds

---

[1] Kovalev has not argued that the District Court erred in dismissing his honest services fraud and HIPAA claims. Thus, any issues related to those claims are waived. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

$75,000 and there is complete diversity amongst the parties. See 28 U.S.C. § 1332(a). Complete diversity means that "no plaintiff can be a citizen of the same state as any of the defendants." Johnson, 724 F.3d at 346. Here, the District Court properly determined that complete diversity was lacking because Kovalev's complaint established that both he and Stepansky were citizens of Pennsylvania.

However, when a district court dismisses claims for lack of subject matter jurisdiction, the dismissal should be without prejudice. See N.J. Physicians, Inc. v. President of U.S., 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice"). Accordingly, we modify the District Court's order to dismiss the state law claims without prejudice.[2] We will affirm the District Court's order as modified.

---

[2] Because further amendment of the complaint would have been futile, the District Court properly denied Kovalev leave to amend a second time. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).